BOWEN, Presiding Judge,
dissenting.
I dissent. Here, as in Smith v. State, 488 So.2d 19 (Ala.Cr.App.1986), the petitioner has “failed to satisfy the ‘prejudice’ requirement of Strickland v. Washington, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), for he did not allege in his petition that, had counsel been effective, he would have pleaded not guilty and insisted on going to trial.”
“We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, supra, [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235], and McMann v. Richardson, supra [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763]. The second, or ‘prejudice,’ requirement, on the other hand, focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the ‘prejudice’ requirement, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhard, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
The petition was properly denied without an evidentiary hearing.